## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

———————————————————— )
**UNITED STATES OF AMERICA** )
)
)
**v.** )      **Criminal Action No. 2015-0027**
)
)
**BRUCE MCINTOSH, WINSTON DECASTRO,** )
**and CARL HANSEN,** )
)
     **Defendants.** )
———————————————————— )

**Attorneys:**
**Tasheika Hinson, Esq.,**
**Anna A. Vlasova, Esq.,**
St. Thomas, U.S.V.I.
     *For the United States*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
     *For Defendant Bruce McIntosh*

**Jeffrey B. C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
     *For Defendant Winston DeCastro*

**Eszart A. Wynter**
St. Croix, U.S.V.I.
     *For Defendant Carl Hansen*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

     THIS MATTER comes before the Court on the "Government's Motion to Continue the Trial Date" (Dkt. No. 108) and the "Government's Motion to Stay the Trial Management Order" (Dkt. No. 109), both filed on August 17, 2016, and "Defendant Winston DeCastro's Motion for

Continuance of Jury Trial Scheduled for September 6, 2016" (Dkt. No. 130), filed on August 26, 2016. A hearing was held on the Government's Motions on August 19, 2016. Tasheika Hinson, Esq. appeared on behalf of the Government; Yohana Manning, Esq. appeared on behalf of Defendant Bruce McIntosh; and Jeffrey Moorhead, Esq. appeared on behalf of Defendant Winston DeCastro.

For the reasons that follow, the Court will deny the Government's Motion to Continue the Trial Date, deny as moot the Government's Motion to Stay the Trial Management Order, and grant Defendant DeCastro's Motion for Continuance of the Trial.

## I. BACKGROUND

An indictment was filed on September 15, 2015, charging Defendants with various drug offenses. (Dkt. No. 1). The motions presently before the Court pertain only to Defendant DeCastro, who is proceeding to trial.

On July 19, 2016, a trial was scheduled in this matter for September 6, 2016. (Dkt. No. 94). On August 8, 2016, the Court entered a Trial Management Order, which included the previously scheduled trial date and set a number of pretrial deadlines. (Dkt. No. 98). The first such deadline was August 16, 2016, by which the parties were each required to file an estimate of the number of days necessary to complete trial. Defendant DeCastro timely filed his Notice of Trial Length on August 16, 2016. (Dkt. No. 104). The Government did not submit a timely filing.[1]

On August 16, 2016, then counsel for Defendant DeCastro, Jomo Meade, Esq., filed a Motion to Withdraw as Counsel on the grounds that he is in the process of closing his practice due to his recent nomination and confirmation to become a Judge of the Superior Court of the Virgin

---

[1] The Government filed its Notice of Trial Length on August 18, 2016, attributing the untimely filing to counsel's expectation that a joint notice would be filed by Defense Counsel. (Dkt. No. 117).

Islands. (Dkt. No. 105 at 1). A hearing on counsel's motion was scheduled for August 19, 2016. (Dkt. No. 106).

In the meanwhile, on August 17, 2016, the Government filed a Motion to Continue the Trial Date and a Motion to Stay the Trial Management Order. (Dkt. Nos. 108 & 109). In the Motion to Stay, the Government sought a stay of the deadlines in the Trial Management Order pending a ruling on the Motion to Withdraw filed by counsel for Defendant DeCastro. (Dkt. No. 109). The Government argued that, should the Motion to Withdraw be granted, replacement counsel would need to be appointed. *Id* at 2. In the Motion to Continue the Trial Date, the Government argued that, should the Motion to Withdraw be granted, both the Government and newly appointed Defense Counsel would require additional time to prepare for trial. (Dkt. No. 108 at 2).

Following a hearing on August 19, 2016, Magistrate Judge Cannon granted Attorney Meade's "Motion to Withdraw as Counsel," and appointed Attorney Jeffrey Moorhead to serve as counsel for Defendant DeCastro. (Dkt. Nos. 119 & 127). Immediately after that hearing, counsel and the parties appeared before the undersigned Judge to address the Government's pending motions.

At the hearing, the Government argued that recent staffing changes in the United States Attorney's office necessitated additional time to prepare for trial. The Government further argued that in light of Attorney Moorhead's recent appointment as counsel for Defendant, the Government's Motion to Continue should be granted in order to protect Defendant DeCastro's Sixth Amendment rights. Newly appointed Defense Counsel, Attorney Moorhead, stated that he would file a motion to continue the trial in order to have sufficient time to adequately prepare his client's defense.

On August 26, 2016, Defendant DeCastro filed his Motion for Continuance of Jury Trial, in which he argued that his new counsel has not yet received Defendant DeCastro's file from his previous counsel, and is "completely unprepared" for the upcoming trial. (Dkt. No. 130 at 2). Defendant DeCastro asserts that his counsel requires additional time to meet with Defendant, prepare for trial, and respond to the Government's Motion to Introduce Rule 404(b) evidence. *Id.*

## II. DISCUSSION

### A. Applicable Legal Principles

A continuance should be granted where the ends of justice so require. This matter is governed by the Speedy Trial Act, which states, in relevant part, that the following are excluded from the calculation of time under the speedy trial clock:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The statute sets forth a number of factors for the Court to consider in determining whether to grant a continuance, including:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(iv). The statute cautions, however, that:

> No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(7)(C).

The Third Circuit has long held that whether or not the case is unusual or complex a "continuance may . . . be granted in order to provide adequate . . . preparation." *U.S. v. Fields,* 39 F.3d 439, 444 (3d Cir. 1994); *see United States v. Williams*, 591 F. App'x 78, 85 (3d Cir. 2014) (the need for additional time to prepare for trial was an appropriate reason to grant a continuance that tolled the speedy trial clock). Granting such a continuance gives the defense an opportunity to "decid[e] upon and prepar[e] an appropriate defense." *U.S. v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992); *see Williams*, 591 F. App'x at 86 (the duration of the continuance granted by the court to allow defendant and his attorney time to prepare for trial was properly excluded from the speedy trial clock); *United States v. Hassebrock*, 663 F.3d 906, 913 (7th Cir. 2011) (defendant's waiver of his rights under the Speedy Trial Act was valid where defendant had filed a motion to continue because his counsel required additional time to prepare his defense). However, "[n]o continuance under [§ 3161] can be granted because of the lack of diligent preparation on the part of the government's attorney." *United States v. Strong*, 608 F. Supp. 188, 196 (E.D. Pa. 1985); *see* 18 U.S.C. § 3161(h)(7)(C); *United States v. Cobb*, 2010 WL 2596929, at *3 (E.D. Pa. June 25, 2010) (if continuance was granted due to lack of diligent preparation by the government, it would not have been excludable time under the speedy trial clock).

**B. Analysis**

### 1. Government Motions

When stripped of arguments that are more appropriately made by Defendant DeCastro,[2] the Government's argument in support of its Motion to Continue the Trial Date essentially boils

---

[2] Although the Government argued the need for a continuance based on the withdrawal of counsel for Defendant and the appointment of a new counsel (Dkt. No. 108), these arguments are more appropriately advanced by Defendant, and are addressed below in the context of Defendant's Motion. *See* Section II. B. 2., *infra* at 7.

down to the fact that the United States Attorney's Office is not prepared for trial. The Court finds this argument wholly unacceptable, because this case has been pending for over eleven months and the Government has been aware of the September 6, 2016 trial date since July 19 (Dkt. No. 94). Under these circumstances, the Court attributes the Government's plight to a lack of due diligence, which precludes the grant of an "ends of justice" continuance. See 18 U.S.C. § 3161(h)(7)(C).

In its August 17, 2016 Motion to Continue, the Government stated that Assistant United States Attorney ("AUSA") Hinson, who entered her appearance on that same day, would be handling the case at trial; that she was "sworn in to practice before this Court less than a week ago"; and that she "needs additional time to review the discovery in this matter and adequately prepare for trial." (Dkt. No. 108 at 2). The Court is aware that the AUSA originally assigned to this case left the U.S. Attorney's Office at or around the latter part of June, 2016, thus necessitating a transition to new counsel.[3] However, the Court is of the view that there was more than ample time to reassign this case so as to avoid any undue interruption in the proceedings. Indeed, the Government is not absolved of its responsibility to proceed with dispatch and due diligence upon the departure of an AUSA. Rather, the responsibility for ensuring a timely transition rests with the U.S. Attorney's Office. In this instance, the fact that the Notice of Appearance of the AUSA assigned as trial counsel in this case was entered more than six weeks after the departure of prior counsel, almost one month after the trial date was scheduled, and with only approximately three weeks left before trial belies any suggestion of due diligence on the part of the Government.

Because the Court finds that the Government's actions reflect a "lack of diligent preparation," the Government's Motion does not present circumstances justifying the conclusion

---

[3] The AUSA's expected departure was common knowledge weeks prior to his actual departure.

that a continuance is appropriate to serve the "ends of justice." See 18 U.S.C. §§ 3161(h)(7)(C), 3161 (h)(7)(A). Accordingly, the Court will deny the Government's Motion to Continue the Trial Date.

With regard to the Government's Motion to Stay the Trial Management Order pending a ruling on the Motion to Withdraw by Defendant DeCastro's former counsel, the Court notes that there were no pretrial deadlines between the August 17 filing of the Government's Motion and the Court's August 19 ruling on the Motion to Withdraw. Accordingly, the Court will deny the Government's Motion to Stay as moot.

### 2. Defense Motion

In Defendant DeCastro's Motion for Continuance of Jury Trial, Defendant requests a continuance in order to adequately prepare for trial. The Motion recounts that Attorney Moorhead was appointed as counsel in this case on August 19; has not yet received Defendant's file from prior counsel; and needs time to meet with his new client and prepare for trial. (Dkt. No. 130 at 1-2).

The circumstances presented by Defendant fall squarely within the parameters of 18 U.S.C. § 3161(h)(7)(B)(iv), because it is not reasonable to expect Defense Counsel to be able to effectively prepare for trial in just over two weeks, "even taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Indeed, the failure to grant a continuance at Defendant's behest, would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ." *Id.* Accordingly, the Court finds that, under the circumstances described by Defendant, the "ends of justice" served by a continuance of the trial "outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

**III. CONCLUSION**

In view of the foregoing, the Court will grant "Defendant Winston DeCastro's Motion for Continuance of Jury Trial Scheduled for September 6, 2016" (Dkt. No. 130); deny the "Government's Motion to Continue the Trial Date" (Dkt. No. 108); and deny as moot the "Government's Motion to Stay the Trial Management Order" (Dkt. No. 109).

An appropriate Order accompanies this Memorandum Opinion.

Date:   August 31, 2016                                   _____/s/_____
                                                          WILMA A. LEWIS
                                                          Chief Judge